Drake, Oh. J.,
delivered the opinion of the court:
Yery few questions of law arise in this case. The case addresses itself rather more to us as a quasi jury than as a court.
The conclusions of l;aw arrived at by the court upon the facts are briefly stated in the finding prepared by the court and now filed.
There is one point, however, upon which we deem it proper to express more than the mere conclusion of law, and that is, the effect to be given to the Act 14th July, 1870, “Por the relief of tlie tmstees of Albert G. Sloo.” That act is as follows:
“ Be it enacted by tlie Senate and Souse of Representatives of the United States of America in Oongress assembled, That the claim of the trustees of Albert G-. Sloo for compensation for services in carrying the United States mails by steamers’direct between New York and Ohagres and New Orleans and Chagres, in addition to the regular service required under the contract made between the said Albert G-. Sloo and the United States, be, and the same is hereby, referred to the Court of Claims, and the said court is hereby directed to examine the same, and determine and adjudge whether any, and, if any, wliat amount is due said trustees for said extra service: Provided, That the amount to be awarded by said court shall be upon the basis of the value of carrying other first-class freight of like quantity with the mails actually carried between the same ports at the same time.”
It is urged by the claimants’ counsel that this act recognizes the validity of their claim and the value of the services, and refers to this court merely the duty of ascertaining- and awarding the amount of damages, under tlie rule contained in thepro-viso. We cannot yield to this construction of the act, nor can we suppose that it was the intention of Congress to give any such effect to, it.
This is a private act, which the claimants procured to be *89 passed. It was passed more than four years after this suit was brought, and when the trial of the case was not very distant, and the whole case would be submitted to our adjudication.
If Congress knew of the pendency of this suit, it is not to be supposed that it intended to compel this court to decide it in favor of the claimants, without regard to the merits of the case, when, for many years, the claimants had vainly tried to obtain the passage of an act to pay them for the service which is the foundation of the suit. If Congress did not know of the pend-ency of this suit, it is equally inconceivable that it would refer a case to us to “determine and adjudge,’7 and in the very act of reference command us to determine and adjudge it in a particular way.
We are “directed to examine the claim and determine and adjudge whether any, and, if any, what amount is due said trustees for said extra service.” This language goes to the very root of the case. To determine and adjudge whether any amount is due thfem, necessarily involves the examination of the case in every point of view, and implies every exercise of judicial function of which, as a court, we are capable, and every judicial faculty which we can command. He who would restrict the power thus giyen us to determine and adjudge must show the restriction toticlem verbis ; it can never be shown by construction.
The jnmnso does not militate against this view. It does not limit the previous power to determine and adjudge whether any amount is due, but merely indicates the rule of damages, if we determine and adjudge something to be due.
We reiterate, in this connection, our previously expressed views in regard to the construction of private acts of the legislature. They are always to be strictly construed, and never to be forced beyond their plain import.- Most especially are they to be so construed as to prevent the entrapping of the government by fixing upon it liability where the intention of the legislature was only to authorize an investigation and determination of the question of liability. If Congress desires a claim to be paid, it can so order by an act requiring its accounting officers to pay it, without reference to this court. If it wishes the decision of this court upon the mere question of the amount due to a .party, it can employ apt words to limit us to that specific inquiry. But when it refers a case to us to decide whether any amount is due him, we must decide that i>recise point at the *90 threshold of tbe case, and no latitude of construction of particular words or phrases in the act, to dispense with our performance of that plain duty, is allowable in favor of the party for whose, benefit, and through whose efforts, the act was passed. Against him, the rule of strict construction is always to be enforced.